UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Abraham Sigurd Lee, | Case No. 24-cv-4259 (JWB/DJF) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| State of Minnesota Bureau of Criminal Apprehension, | |
| Defendant. | |

This matter is before the Court on Plaintiff Abraham Sigurd Lee's Complaint (ECF No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 3). Mr. Lee is a patient at the Norristown State Hospital in Norristown, Pennsylvania, and he argues that the requirement that he register as a predatory offender for ten years violates his constitutional rights because he was not convicted of a felony-level offense. (ECF No. 1 at 8.) He names the Minnesota Bureau of Criminal Apprehension ("BCA") as the sole defendant to this action. *Id.* Because Mr. Lee filed an IFP Application, his Complaint is subject to preservice review pursuant to 28 U.S.C. § 1915(e). For the reasons given below, the Court recommends that Mr. Lee's Complaint be dismissed without prejudice and that his IFP Application be denied as moot.

An action will be dismissed on preservice review when a litigant files an IFP application and fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs'

arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint adequately states a claim, courts must accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Courts must disregard legal conclusions that are couched as facts, however. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and "state a claim to relief that is plausible on its face", *id*. at 570. Though courts must construe pro se complaints liberally, such complaints still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Mr. Lee claims that the requirement that he register as a predatory offender for ten years violates his constitutional rights and sues the BCA under 42 U.S.C. § 1983.[1] (ECF No. 1 at 1.) But Section 1983 does not allow him to sue the BCA. To state a claim under Section 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). State agencies, such as the BCA, do not constitute "persons" within the meaning of Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989) ("[S]tate and governmental entities … are not persons subject to liability for the purposes of 42 U.S.C. § 1983 action."). Mr. Lee therefore fails to state a claim on which relief may be granted.

---

[1] Mr. Lee also cites to 42 U.S.C. § 1988. (*See* ECF No. 1 at 1.) That statute does not provide an independent ground for relief. *See Moor v. Alameda Cnty.*, 411 U.S. 693, 702 (1973).

Furthermore, the BCA is immune from suit. The Eleventh Amendment provides "states, and state agencies, with immunity not only from suits brought by citizens of other states, but also from suits brought by their own citizens." *Doe v. Nebraska*, 345 F.3d 593, 598 (8th Cir. 2003) (internal citations omitted).

Mr. Lee contends sovereign immunity should not apply to his claims because the BCA "knowingly" violated his constitutional rights. (ECF No. 1 at 7.) There are exceptions to sovereign immunity: It does not apply when Congress has lawfully abrogated the state's immunity or when the state has consented to suit or waived its immunity, *Seminole Tribe v. Florida*, 517 U.S. 44, 74 (1996). But Mr. Lee's proffered exception is not among them, and none of the recognized exceptions apply here. Congress has not abrogated Eleventh Amendment immunity for Section 1983 actions, *Will*, 491 U.S. at 66 (concluding that Congress did not intend to override sovereign immunity in enacting 42 U.S.C. § 1983), and the State of Minnesota has not consented to be sued under Section 1983, *see Semler v. Ludeman*, Case No. 09-CV-0732 (ADM/SRN), 2010 WL 145275, at *7 (D. Minn. Jan. 8, 2010). The Eleventh Amendment therefore bars Mr. Lee's claims against BCA, the sole defendant in this lawsuit.[2] For the foregoing reasons, the Court recommends that Mr. Lee's Complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and that his IFP Application be denied as moot.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

---

[2] Under the *Ex Parte Young* doctrine, "state *officials* may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment." *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (emphasis added). But Mr. Lee does not name any individual officials to this lawsuit. Thus, even though Mr. Lee has requested prospective injunctive relief, *Young* is not applicable because he sues the BCA and does not identify any BCA official as a defendant.

1. Plaintiff Abraham Sigurd Lee's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**; and

2. Mr. Lee's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) be **DENIED** as moot.

Dated: January 7, 2025

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).