UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Abraham Sigurd Lee,<br><br>    Plaintiff,<br><br>v.<br><br>State of Minnesota Bureau of Criminal Apprehension,<br><br>    Defendant. | Civ. No. 24-4259 (JWB/DJF)<br><br>ORDER ACCEPTING<br>REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE |

    United States Magistrate Judge Dulce J. Foster issued a Report and Recommendation ("R&R") on January 7, 2025, recommending that Plaintiff Abraham Sigurd Lee's Complaint be dismissed without prejudice. (Doc. No. 4.) Plaintiff has filed a timely objection to the R&R. (Doc. No. 5.)

    Objected-to portions of an R&R are reviewed *de novo*, and the recommendations may be accepted, rejected, or modified, in whole or in part. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). When a party fails to file specific objections to an R&R, *de novo* review is not required. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (observing that objections to an R&R that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error").

    The portions of an R&R to which no specific objection is made are reviewed for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is

filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because Plaintiff is pro se, his objections are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Lee's objection mostly restates the grounds for his constitutional claims, which are not specific objections to the R&R. However, Lee appears to take issue with the R&R's finding that the BCA was the "sole defendant" in this lawsuit. (Doc. No. 4 at 3.) He asserts that "the official identified as sued regarding the (BCA) is the Director, the CEO, or Equivalent under name of John Doe/Jane Doe." (Doc. No. 5 at 4.) But no such Director, CEO, or John/Jane Doe is identified in the Complaint. And Lee cannot amend his pleading through his R&R objection. *See Northland Baptist Church of St. Paul, Minn. v. Walz*, 530 F. Supp. 3d 790, 814 (D. Minn. 2021) (stating that parties may not expand their complaint by adding details in their briefing).

Nearly all of Lee's Complaint is framed as alleging wrongdoing by the BCA. The only reference to employees appears in the "Jurisdiction and Venue" section, where Lee asserts that "immunity does not exist when the municipality acted under state color of law and the employees also ratified the policy and actions that would otherwise violate the constitution as a whole and individually violate the rights of Mr. Lee when doing so." (Doc. No. 1 at 3.) That passing reference does not suffice to name individual employees as defendants. By comparison, the previous paragraph refers to the BCA as "the corporation sued as a person and municipality" and the "entity that required and initiated the 10 year registration for violent offenders." (*Id.*) Based on this sentence and others like it, the BCA is the only defendant sufficiently identified in Lee's Complaint. Therefore,

2

Lee's objection is overruled, and his Complaint is dismissed.

Although Lee's Complaint is dismissed, it is dismissed without prejudice. Lee may initiate a new case by filing a new complaint that alleges which individuals caused or contributed to the alleged violation of his constitutional rights, even if their names are not known at this time. Such individuals may be named as John Doe/Jane Doe, but the pleading must include specific allegations stating their involvement. As explained in the R&R, the BCA entity is immune from suit under § 1983.

## ORDER

Based on the R&R of the Magistrate Judge, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Plaintiff Abraham Sigurd Lee's Objection to the Report and Recommendation (Doc. No. 5) is **OVERRULED**;

2. The January 7, 2025 Report and Recommendation (Doc. No. 4) is **ACCEPTED**; and

3. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**; and

4. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 3) is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 5, 2025         *s/ Jerry W. Blackwell*
                              JERRY W. BLACKWELL
                              United States District Judge